### PEOPLE v. HENDERSON.

(Supreme Court, Trial Term, Orange County. December 11, 1911.)

**1. FOOD (§ 15*)—VIOLATION—ILLEGAL SALE.**

The agricultural law (Consol. Laws 1909, c. 1) only requires that ingredients be stated where the article sold is an imitation or adulteration of some standard article of food, and hence a sale of a bottled mixture labeled "O'Donohue's Fifth Avenue Salad Dressing," without stating the ingredients on the label, not shown to be such imitation or adulteration, is not a violation of law.

[Ed. Note.—For other cases, see Food, Cent. Dig. § 14; Dec. Dig. § 15.*]

**2. FOOD (§ 16*)—REGULATIONS—BURDEN OF PROOF.**

In an action by the state for violation of the agricultural law (Consol. Laws 1909, c. 1) for selling bottled salad dressing without stating the ingredients on the label, the state has the burden of showing that there is some standard merchantable salad, and that the article sold is not that article, but is an imitation or a deleterious adulteration of it.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 16.*]

Action by the People of the State of New York against Olin S. Henderson. Judgment for defendant.

W. L. Dickerson, for the People.

Breed, Abott & Morgan, for defendant.

TOMPKINS, J. [1] The case was tried before the court without a jury by stipulation. The defendant sold an article contained in a bottle labeled "O'Donohue's Fifth Avenue Salad Dressing," and the plaintiff's claim is that there was a violation of the agricultural law, in that the label did not state the ingredients of the bottle. My opinion is that the ingredients are only required to be given where the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

article sold is an imitation or adulteration of some standard article of food, and that the burden is upon the people to show that the article sold is an imitation or a deleterious adulteration of some article of food. There is no proof here that the article sold was an imitation, or that it was injurious to the public health. It was sold as a salad dressing, and to bring it within the law requiring a statement of its constituent parts it seems to me there should be proof showing that there is some standard merchantable salad and that the article sold is not that article. So far as the proof shows, it may itself be the standard salad dressing.

[2] The object of the law is to prevent deception, and to forbid the sale of inferior or deleterious products without giving the public notice of just what is being sold. There is here no evidence of either. True, it does appear that the bottle sold by the defendant was a mixture of several ingredients, but that is not prohibited by law, unless it is sold as an imitation of some commodity, or is injurious to the public health, and calculated to deceive the public. I do not see how the people's contention here can be upheld without requiring every make of salad dressing to be labeled with the ingredients thereof, because there is no proof of a standard salad dressing, and there is no evidence that any ingredient of this salad dressing is unwholesome, or foreign to true salad dressing. In fact, no standard of true salad dressing was established, and I think the burden of proving that rests with the plaintiff.

Judgment for the defendant, with costs.